**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| United States of America ex rel. The Tarbell Group, LLC,<br><br>Plaintiff<br><br>v.<br><br>500 Festival, Inc., et al.,<br><br>Defendants | Case no. 1:25-cv-684-TWP-MG |

**RELATOR'S MOTION TO EXTEND THE TIME FOR SERVICE OF PROCESS**

Plaintiff-relator The Tarbell Group, LLC ("Relator") respectfully moves the Court, under Federal Rules of Civil Procedure ("Rules") 4(m) and 6(b)(1)(A) and Local Rule 6-1(c), for an order authorizing service of the Complaint (ECF Doc. 1, "Compl.") and extending to February 1, 2027 the time within which Relator must serve, or obtain waivers of service from, the seventeen defendants, an extension of ninety days, the same period that Rule 4(m) itself prescribes. Measured from the Court's unsealing order of August 3, 2026, the ninety-day period prescribed by Rule 4(m) would expire on November 2, 2026. This is Relator's first request for an extension of that period, and it is made before the period has run. The ground for the request is the difficulty Relator has encountered, despite diligent and continuing efforts, in retaining Indiana counsel to assist in the conduct of this action.

Relator filed the Complaint under seal on April 9, 2025 (ECF Doc. 1). On April 30, 2025, the Court ordered that the Complaint "shall not be served on Defendants until this Court so orders" (ECF Doc. 9). The United States filed its notice declining to intervene on July 29, 2026 (ECF Doc. 16), and on August 3, 2026, the Court directed the Clerk to unseal the Complaint and lifted the

seal as to all future proceedings (ECF Doc. 17). The unsealing order did not direct service. No defendant has been served or has appeared.

Relator's counsel resides and practices in Virginia. Local Rule 83-5(e) provides that "[t]he court may require an attorney residing outside the district to retain, as local counsel, a member of the court's bar who resides in the district." Mindful of that rule, and of the convenience to itself, to the Court, to the United States, and to seventeen defendants located throughout Indiana of having Indiana counsel in place from the outset, Relator has sought, since the United States announced in late July 2026 that it would decline to intervene, to retain Indiana counsel. Despite diligent and continuing efforts, Relator has not yet succeeded. The defendants are established local institutions, among them festivals, volunteer fire companies, a township fire department, an economic development corporation, and civic, charitable, and recreational associations, and the difficulty Relator has encountered appears to stem from the hesitation of Indiana practitioners to appear adverse to such organizations. Relator continues its search, and whether or not it succeeds, Relator will serve or request waivers of service from every defendant within the period requested.

Rule 4(m) provides that "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." The Seventh Circuit has held that, even absent good cause, "a district court must still consider whether a permissive extension of time is warranted." *Panaras v. Liquid Carbonic Indus. Corp.*, 94 F.3d 338, 340 (7th Cir. 1996) (reversing dismissal for failure to serve within the period and remanding for consideration of a permissive extension); *see also Henderson v. United States*, 517 U.S. 654, 662-63 (1996) (courts have discretion to enlarge the period "even if there is no good cause shown") (reversing dismissal for untimely service). Relator submits that its diligent and continuing efforts to retain Indiana counsel, begun when the United States announced its declination and frustrated by circumstances beyond

Relator's control, constitute good cause. Should the Court conclude otherwise, the considerations that inform a permissive extension favor one here. *See Panaras*, 94 F.3d at 341. No defendant would suffer prejudice from an extension of ninety days.

Relator respectfully submits that the Court's order should also remove any doubt about when the service period began. The False Claims Act provides that a qui tam complaint "shall not be served on the defendant until the court so orders." 31 U.S.C. § 3730(b)(2). The unsealing order did not so order, and the Second Circuit has held that in these circumstances "the service-of-process clock does not begin until a district court expressly authorizes service." *United States ex rel. Weiner v. Siemens AG*, 87 F.4th 157, 159 (2d Cir. 2023) (per curiam) (vacating dismissal of a qui tam complaint for untimely service). The Seventh Circuit has not addressed the question, so far as Relator has found, and Relator does not ask the Court to resolve it. Relator instead asks that the Court's order both authorize service and fix the date by which service must be made, so that no question about the running of the period can arise. Because no order directing service has yet issued, the appropriate measure of the extension is the ninety days provided by Rule 4(m). Measured from November 2, 2026, that period ends on Sunday, January 31, 2027, with a resulting deadline of Monday, February 1, 2027. Rule 6(a)(1)(C).

In accordance with Local Rule 6-1(c), Relator states that the current deadline, measured from the unsealing order, would be November 2, 2026, that the requested deadline is February 1, 2027, and that this is Relator's first request. No defendant has been served or has appeared, so there is no defense counsel from whom Relator could seek agreement. The United States, which has declined to intervene but remains the real party in interest, is represented by counsel and will receive notice of this motion through the Court's electronic filing system, as the unsealing order directs (ECF Doc. 17, ¶ 3).

WHEREFORE, Relator respectfully requests that the Court authorize service of the Complaint and order that service be made on, or waivers of service obtained from, the defendants by February 1, 2027. A proposed order is filed herewith.

Respectfully submitted,

*/s/ Bruce Ellis Fein*

Bruce Ellis Fein
Virginia State Bar No. 44049
Bruce Ellis Fein PLLC
P.O. Box 506
Great Falls, VA 22066
bruce@newdream.net
703-248-0390
*Attorney for Relator The Tarbell Group, LLC*